# NO. 12-14-00072-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SIR ORTIZ,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Sir Ortiz appeals his conviction for engaging in organized criminal activity. Appellant's counsel filed a brief asserting compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

A Smith County grand jury returned an indictment against Appellant for the offense of engaging in organized criminal activity and alleged that Appellant was a repeat offender. Appellant waived his right to jury trial and pleaded "guilty" to the offense and "true" to the enhancement paragraph. Pursuant to a plea bargain, the trial court placed Appellant on deferred adjudication community supervision for a period of ten years.

The State filed its first application to proceed to final adjudication on November 18, 2013. Appellant pleaded "true" to the State's allegations, but the trial court denied the State's application and ordered that Appellant's community supervision be continued. On February 20, 2014, the State filed its second application to proceed to final adjudication. Appellant pleaded "true" to six of the eight allegations contained in the State's application. At the conclusion of the hearing on the State's second application, the trial court found each of the State's allegations

"true," adjudicated Appellant "guilty" of engaging in organized criminal activity, and assessed punishment at thirty years of imprisonment with a $5,000 fine. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel has filed a brief in compliance with *Anders* and *Gainous*. Counsel states that he has reviewed the appellate record and that he is unable to find any reversible error or jurisdictional defects. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel's brief presents a thorough chronological summary of the procedural history of the case and further states why counsel is unable to present any arguable issues for appeal.[1] *See Anders*, 386 U.S. at 745, 87 S. Ct. at 1400; *Gainous*, 436 S.W.2d at 138; *see also Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 350, 102 L. Ed. 2d 300 (1988).

We have considered counsel's brief and conducted our own independent review of the record. We found no reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

## CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw. *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (en banc). We are in agreement with Appellant's counsel that the appeal is wholly frivolous. Accordingly, his motion for leave to withdraw is *granted*, and the judgment of the trial court is *affirmed*. *See* TEX. R. APP. P. 43.2(a).

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days after either the date of this court's judgment or the date the last timely motion for rehearing was overruled by this court. *See*

---

[1] Counsel states in his motion to withdraw that he provided Appellant with a copy of his brief. Appellant was given time to file his own brief in this cause. The time for filing such brief has expired, and we have received no pro se brief.

2

TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered April 8, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 8, 2015**

**NO. 12-14-00072-CR**

**SIR ORTIZ,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0302-13)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*